IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROGER D. SANDERS,                                    CV. 09-299-ST

        Plaintiff,                                    ORDER

    v.

SHERIFF JEFF DICKERSON, et al.,

        Defendants.

MOSMAN, District Judge.

    Plaintiff filed this prisoner § 1983 case on March 19, 2009 complaining that the Columbia County Jail improperly charged him a booking fee upon his entry into the Jail.  Shortly after filing his Complaint, plaintiff began sending the court documents intended to supplement his Complaint.  The court has received at least four separate documents intended to supplement the Complaint.  Dockets #4, #5, #6, & #15.

    Local Rule 15.1(c)(1) requires a party moving to amend a pleading to "reproduce the entire pleading and . . . not incorporate any part of the prior pleading by reference."

1 - ORDER

Accordingly, plaintiff attempts to supplement his Complaint are inadequate.   The court will, however, allow plaintiff an opportunity to file an amended complaint within 30 days which incorporates all of his claims.

Plaintiff is ADVISED that pursuant to Fed. R. Civ. P. 8(a), his amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Each averment of a pleading shall be simple, concise and direct."  Fed. R. Civ. P. 8(e).  If the factual elements of a cause of action are scattered throughout the amended complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper.  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Plaintiff is also ADVISED that a person wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a person (4) acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  "Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1996).   Plaintiff's Complaint currently fails to state a

2 - ORDER

claim because it does not comply with these requirements.  Should plaintiff not comply with these requirements in the filing of his amended complaint, his case will be dismissed.

Finally, since the court's previous Order requiring plaintiff to file a proper *in forma pauperis* application, he has filed seven motions which are in the nature of requests for preliminary injunctive relief.  These Motions generally do not pertain to the single claim raised in the Complaint, therefore plaintiff is unable to demonstrate any chance that he will succeed on the merits.  *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006) (requiring at least some chance of success on the merits).  Those Motions for Preliminary Injunction which do pertain to the single claim in his Complaint improperly seek to change the relative position of the parties, not preserve it.  *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).  Moreover, pursuant to Fed. R. Civ. 65(a), "[n]o preliminary injunction shall be issued without notice to the adverse party."  Plaintiff's Motions for Preliminary Injunction include neither a certificate of service, nor a showing of why notice should not be required in this case.  Accordingly, plaintiff's Motions for Preliminary Injunction (dockets #9, #11, #20, #24, #25, #30, & #31) are denied.

## CONCLUSION

Should plaintiff wish to continue with this case, he must file an amended complaint within 30 days which fully complies with this

3 - ORDER

Order.  His failure to do so will result in the dismissal of this
case.

Plaintiff's Motions for Preliminary Injunction (dockets #9,
#11, #20, #24, #25, #30, & #31) are denied.

IT IS SO ORDERED.

DATED this   11th    day of June, 2009.


/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

4 - ORDER