IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROGER D. SANDERS,                                             CV. 09-299-ST

        Plaintiff,        FINDINGS AND RECOMMENDATION

   v.

SHERIFF JEFF DICKERSON, et al.,

        Defendants.

STEWART, Magistrate Judge:

    Plaintiff has filed a Motion for Preliminary Injunction (docket #85) to require the Columbia County Jail to reestablish its mail policies as they existed prior to the filing of this lawsuit.

    A preliminary injunction is appropriate if the moving party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434

1 - FINDINGS AND RECOMMENDATION

F.3d 1150, 1155 (9th Cir. 2006). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Id.* A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

In this case, the Amended Complaint contains no claim pertaining to the mail policies of the Columbia County Jail. Given the absence of such a claim in the Amended Complaint, a preliminary injunction is not appropriate because plaintiff has no chance of success on the claim. *See Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008) (plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits). Moreover, plaintiff asks the court to force a change to the status quo in the operation of the Columbia County Jail, something courts are discouraged from doing. *Marlyn Nutraceuticals, Inc v. Mucas Pharma Gmbh & Co.*, 571 F.3d 873, 879 (mandatory injunctions which go beyond the status quo are particularly disfavored). For these reasons, plaintiff's Motion for Preliminary Injunction should be denied.

///

///

///

2 - FINDINGS AND RECOMMENDATION

**RECOMMENDATION**

Plaintiff's Motion for Preliminary Injunction (docket #85) should be DENIED.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 12, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will go under advisement.

DATED this <u>26th</u> day of March, 2010.

                                 s/   Janice M. Stewart

                                 Janice M. Stewart
                                 United States Magistrate Judge