IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROGER D. SANDERS**,

        Plaintiff,

        v.

**SHERIFF JEFF DICKERSON et al.**,

        Defendants.

No. CV 09-299-ST

OPINION & ORDER

**MOSMAN, J.**,

On March 26, 2010, Magistrate Judge Stewart issued Findings and Recommendation ("F&R") (#91) in the above-captioned case recommending that I DENY plaintiff's Motion for Preliminary Injunction (#85). No objections were filed.

### DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate

PAGE 1 - OPINION & ORDER

judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Stewart's recommendation. Under the preliminary injunction standard set forth in *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008), Mr. Sanders is required to show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *See Nelson v. NASA*, 568 F.3d 1028, 1030 n.5 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374 (2008)). Because Mr. Sanders did not bring a claim pertaining to the mail policies, a preliminary injunction is inappropriate. *See Stewart v. INS*, 762 F.2d 193, 198-99 (2d Cir. 1985) (finding that the court did not have jurisdiction over a plaintiff's motion for preliminary injunction where the injunctive relief sought was not reasonably related to claims contained in the complaint).

Therefore, I ADOPT the F&R (#91) as my own opinion, and plaintiff's Motion for Preliminary Injunction (#85) is DENIED.

IT IS SO ORDERED.

DATED this  15th  day of April, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 2 - OPINION & ORDER