IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROGER D. SANDERS**,

        Plaintiff,

    v.

**SHERIFF JEFF DICKERSON et al.**,

        Defendants.

No. CV 09-299-ST

OPINION & ORDER

**MOSMAN, J.**,

On May 7, 2010, defendants filed a Motion for Summary Judgment (#101), which noted that the usual conferral requirement did not apply because plaintiff was a pro se prisoner. *See* Local Rule 7.1(a)(1)(c). On May 13, 2010, plaintiff filed a Motion to Dismiss Defendants' Summary Judgment Motion (#109) because he was no longer in prison at the time the motion was filed, which meant that defendants failed to confer as required by Local Rule 7.1(a)(1). On May 18, 2010, Magistrate Judge Stewart denied plaintiff's Motion to Dismiss. (*See* Order (#110).) She noted that "defendants should have conferred with [plaintiff] before filing their summary judgment motion" but likely could not have done so because plaintiff did not submit his updated contact telephone number upon release from prison. (*Id.*) She determined that "dismissal of defendants' motion for failing to confer is not warranted" and instead granted plaintiff fourteen additional days to respond to the summary judgment motion. (*Id.*) Plaintiff objects to Judge Stewart's ruling, and requests that I require defendants to refile their Motion for

PAGE 1 - OPINION & ORDER

Summary Judgment. (*See* Objection (#111).) Judge Stewart referred plaintiff's objection for my consideration (#113).

Parties may timely file objections to a magistrate's order for nondispositive, pretrial matters. Fed. R. Civ. P. 72(a). On review of the magistrate's order, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). There is clear error when the court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). This standard of review reflects the broad discretion accorded to magistrate judges on pretrial matters. *See, e.g.*, *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (stating that questions of law are reviewed de novo, while pretrial motions—such as discovery matters—are evaluated under the clearly erroneous standard of review).

I find that Judge Stewart's decision to deny plaintiff's Motion to Dismiss Defendants' Motion for Summary Judgment was not clearly erroneous. Accordingly, I ADOPT Judge Stewart's order (#110).

IT IS SO ORDERED.

DATED this   4th   day of June, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 2 - OPINION & ORDER